J-S47026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAHEED KELLY | : | |
| | : | |
| Appellant | : | No. 830 EDA 2023 |

Appeal from the PCRA Order Entered March 10, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001465-2015

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 22, 2025**

Shaheed Kelly appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We remand with instructions.

The pertinent facts and procedural history are as follows: On June 23, 2014, Kelly and his accomplice, Shawn Purnell, robbed and murdered the victim, Malik Carter. In August 2016, Kelly proceeded to a jury trial on the charges of second-degree murder, robbery, and firearms not to be carried without a license. The jury convicted Kelly of robbery and the firearms charge, but could not reach a unanimous verdict on second-degree murder. Kelly then entered a no-contest plea to the charge of possession of a firearm prohibited.

On November 16, 2016, the trial court imposed an aggregate sentence of 18 to 36 years of imprisonment. In lieu of a retrial for second-degree

murder, Kelly agreed to enter a no-contest plea to third-degree murder in exchange for a negotiated, concurrent sentence of 20 to 40 years of imprisonment. Kelly neither filed a post-sentence motion nor a direct appeal.

On May 5, 2017, Kelly filed a *pro se* PCRA petition, and the PCRA court appointed counsel. Thereafter, Kelly's appointed counsel twice amended the petition. On February 21, 2020, however, the PCRA court granted Kelly's motion to proceed *pro se* and removed appointed counsel. On September 9, 2020, privately retained counsel ("PCRA counsel") entered his appearance.

After being granted a continuance, PCRA counsel filed Kelly's fourth amended petition in which he incorporated claims raised in previous amended petitions. In addition, Kelly asserted for the first time that Detective Nordo sexually assaulted Kelly and recounted Detective Nordo's history of misconduct in other cases. Kelly then asserted that the Commonwealth committed a **Brady**[1] violation by failing to disclose the detective's history and presented his claim as after-discovered evidence.

On June 9, 2022, the PCRA court held an evidentiary hearing regarding Kelly's claim that Detective Nordo's sexual misconduct coerced him into providing a statement. The PCRA court took the matter under advisement. On March 3, 2023, the court reconvened the proceedings to announce its decision regarding this claim. By order entered March 10, 2023, the PCRA

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

court denied the petition. This appeal followed.[2] Both Kelly and the PCRA court have complied with Appellate Rule 1925.

Kelly raises the following issues on appeal:

[I.] <u>The PCRA Court erred in denying the PCRA petition as meritless, for the following reasons</u>:

1) PCRA counsel was ineffective—

A. for not raising in an amended petition, that it was a violation of the Double Jeopardy Clauses of the U.S. and Pa. Constitutions and Pa[.]'s compulsory joinder rule, when after being sentenced on robbery, VUFA-6105 and VUFA-6106, [Kelly] then pled no-contest to Murder-3, which was a charge that pertained to the same single criminal episode;

B. for not raising in an amended petition trial counsel's ineffectiveness for allowing [Kelly] to plead no-contest to Murder-3 when Double Jeopardy had attached;

C. for failing to include in an amended petition trial counsel's ineffectiveness for allowing [Kelly] to plead no-contest to VUFA-6105 as an F-2, as the proper grading was M-1 since [Kelly's] ineligibility to possess a firearm stemmed from juvenile adjudications, not adult criminal convictions;

D. for failing to argue at the evidentiary hearing (as argued in an amended [petition filed] by previous counsel) that the Commonwealth committed a ***Brady*** violation when [it] failed to disclose evidence that Shawn Purnell, while incarcerated in a Delaware County prison, made incriminating statements to his girlfriend regarding the shooting, which [Kelly] proffers is therefore exculpatory for [Kelly];

---

[2] After filing Kelly's notice of appeal, PCRA counsel was permitted to withdraw and current counsel was appointed. Kelly had also filed a *pro se* notice of appeal, which this Court later dismissed as duplicative.

E. for failing to raise trial counsel's ineffectiveness for not contesting the weight of the evidence for the robbery and VUFA convictions.

2) [Kelly's] involuntary statement was obtained, in part, through disgraced Homicide Detective Philip Nordo's sexual assault, coercion and misconduct, and this statement prejudiced [Kelly] as he otherwise would not have been convicted. Nordo's pattern/habit of abuse and misconduct were newly discovered facts and their suppression by the Commonwealth also constituted a *Brady* violation. Due process requires a new trial as this evidence would have put the trial into an entirely new light and render a favorable verdict to [Kelly].

II. [Kelly] raises the following stand-alone issues in addition to his other claims, which are issues that cannot be waived and may be raised at any time:

1) It was a violation of the Double Jeopardy Clauses of the U.S. and Pa. Constitutions and Pa[.]'s compulsory joinder rule, when after being sentenced on robbery, VUFA-6105 and VUFA-6106 [Kelly] pled no-contest to Murder-3. Murder 3 regarded the same facts and single criminal episode. Once [Kelly] was sentenced on the robbery and VUFA charges, Jeopardy attached and accepting the plea on the amended charge of Murder-3 was impermissible. Double Jeopardy arguments cannot be waived.

2) The sentence entered on the VUFA-6105 was an illegal sentence as improperly graded as an F-2, whereas it should have been an M-1, as [Kelly's] ineligibility stemmed from prior juvenile adjudications and not criminal convictions. Contesting an illegal sentence cannot be waived and can be raised at any time.

Kelly's Brief at 9-10.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings

in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Here, the PCRA court has failed to address any of Kelly's PCRA counsel's ineffectiveness claims even though the court listed them as phrased in Kelly's Rule 1925(b) statement. ***See*** PCRA Court Opinion, 2/16/24, at 4. Additionally, the PCRA court mistakenly found that Kelly's "stand-alone" issues did not meet an exception to the PCRA's time bar even though Kelly's first petition was timely filed. We therefore remand this case so that the PCRA court, in the first instance, may consider these properly raised claims. ***See Commonwealth v. Bradley***, 261 A.3d 381, 402 (Pa. 2021) (explaining that in some cases, "the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter").[3]

In its Rule 1925(a) opinion, the PCRA court did address and reject Kelly's after-discovered evidence claim regarding Detective Nordo's pattern and practice of misconduct. As noted above, the PCRA court held an evidentiary hearing on this claim and Kelly testified that the sexual assault by Detective

---

[3] Kelly has filed two applications for relief in which he either requests a stay of the proceedings, amendment of his petition, or the appointment of new counsel to address his claim that the Commonwealth violated ***Brady*** by failing to provide in discovery two statements given by Commonwealth witness Jason Young. Reviewing Kelly's supporting documentation it appears that Mr. Young only gave one statement to police, which was introduced at trial, and that the reference to a different date is no more than a scrivener's error. Thus, we deny Kelly's applications for relief.

Nordo coerced him into making a statement. Kelly asserts that his "statement was crucial [to the] prosecution, as it was the only piece of evidence that put [Kelly] at the actual place and point of the shooting." Kelly's Brief at 50. According to Kelly, "[h]ad this statement not been obtained and introduced the result of the trial would have been favorable for [Kelly] and he would never have pled no-contest to VUFA-6105 and murder-3." *Id.* On this basis, Kelly seeks a new trial.

In order to review the PCRA court's determination, we first note the test applied to after-discovered evidence under the PCRA. When discussing the test in the context of a PCRA appeal, our Supreme Court recently summarized:

> [W]e have viewed this analysis in criminal cases as comprising four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. The test applies with full force to claims arising under Section 9543(a)(2)(vi) of the PCRA. In addition, we have held the proposed new evidence must be producible and admissible.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citations omitted).

Credibility determinations are an integral part of determining whether a PCRA petitioner has presented after-discovered evidence that would entitle him to a new trial. *See*, *e.g.*, *Small*, 189 A.3d at 978-79 (remanding for the PCRA court to make relevant credibility determinations). We have stated,

prior to granting a new trial based on after-discovered evidence, "a court must assess whether the alleged after-discovered evidence is of such a nature and character that it would likely compel a different verdict if a new trial is granted." ***Commonwealth v. Padillas***, 997 A.2d 356, 365 (Pa. Super. 2010). "In making this determination, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." ***Id.***

Here, the PCRA court found Kelly's after-discovered evidence claim to lack merit, primarily because it would not change the outcome such that a new trial was warranted. The court explained:

> Initially, [the PCRA court] addressed the timing of [Kelly's] allegations against Detective Nordo. " . . . [H]ad [Kelly] made an Internal Affairs complaint before he knew Nordo was this deviant (sic) man, I would definitely give his claim of sexual allegations more weight . . . ." [N.T., 3/3/23, at 6].
>
> [The PCRA court] found that even if statements attributed to [Kelly] were thrown out, there still would have been more than sufficient evidence to convict him. "The bigger problem is your girlfriend testifying that you're in there fighting with this guy and there's a murder, and she had no reason to lie against you because she's your girlfriend and says I was there watching—you told me this happened, and then there's DNA, then there's the dying declaration" [***Id.*** at 17]. [The PCRA court] found that even had [it] removed the statement which was the subject of the [alleged] police misconduct, "with the remaining sets of evidence, girlfriend, dying declaration, and [Kelly] being nearby with a car outside that was the right van that he rented and his DNA, [the PCRA court did] not find the jury would likely reach a different result." [***Id.*** at 54].

PCRA Court Opinion, 2/16/24, at 7-8.

Our review of the record supports the PCRA court's conclusion. As noted by the PCRA court, Kelly's claim that his statement to police is the only evidence placing him at the scene is refuted by the record. *See* N.T., 6/9/22, at 149 (Kelly's girlfriend's testimony confirming her police statement that Kelly told her about the incident). Moreover, our review of the record supports the Commonwealth's assertion that Kelly reaffirmed at the initial PCRA hearing that he wanted the jury to be aware of his statement, and that, had the statement not been introduced, he would have testified to its substance at trial. *See* Commonwealth's Brief at 17-18 (citing N.T., 6/9/22, at 80, 129)). Given these circumstances, Kelly cannot demonstrate a reasonable likelihood of a different result had Kelly's statement not been introduced at trial.

In sum, although we affirm the PCRA court's order denying Kelly post-conviction relief regarding his after-discovered evidence claim, we remand the case so that the PCRA court may consider Kelly's claims of PCRA counsel's ineffectiveness. *Bradley*, *supra*. Because the PCRA court may believe an evidentiary hearing is necessary for a proper disposition of these claims, and because the consideration of them may result in a new appealable order, we relinquish jurisdiction.

Applications for Relief denied. Order affirmed in part. Case remanded with instructions. Jurisdiction relinquished.

- 8 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2025